In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00306-CR**
_____

**JOHN MARK BASS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 17-05-05540-CR**

**MEMORANDUM OPINION**

In an open plea agreement, Appellant John Mark Bass pleaded guilty to the third-degree felony offense of assault against a family member and pleaded "true" to four enhancement paragraphs as alleged in the indictment. *See* Tex. Penal Code Ann. 22.01(b) (West Supp. 2017).[1] The trial court sentenced Bass to thirty years in prison. In his sole appellate issue, Bass argues that the trial court erred by allowing

_____

[1] We cite to the current version of the statute as the subsequent amendments do not affect the disposition of this appeal.

1

an officer to testify during the punishment hearing regarding the speed at which Bass was driving. We affirm.

After Bass pleaded guilty to the third-degree offense of assault causing bodily injury and "true" to four enhancement paragraphs in the indictment, the trial court held a sentencing hearing. At the sentencing hearing, A.B. testified that on August 30, 2016, while she was in a dating relationship with Bass, he slapped her twice during an argument. A.B. called 9-1-1 and law enforcement responded to A.B.'s call. According to A.B., she told the dispatcher what had happened and A.B. informed the dispatcher that Bass was in her vehicle. A recording of the 9-1-1 call and photographs depicting A.B.'s injuries were admitted into evidence. Montgomery County Deputy Joshua Brown testified that he became involved in the case when he saw Bass, whom he had previously apprehended in 2013 for stealing candy bars from Wal-Mart, driving a vehicle that Deputy Brown "was looking for, in the neighborhood [Bass] was supposed to be in," and traveling towards Deputy Brown. Deputy Brown testified that he turned his vehicle around and activated his patrol car lights and sirens. According to Deputy Brown, Bass "sped up[,]" turned down several streets, drove down a driveway and behind a house, and then the car was abandoned in a wooded lot.

On direct examination, Deputy Brown testified to the following:

2

Q. . . . [A]bout how fast was [Bass] going?

A. The speed limit is 35. I know my video -- I'm pretty sure I was somewhere around 60 or something.

[Defense counsel]: Judge, I'm going to object to speculation.

THE COURT: Overruled.

Q. [Prosecution]: About how fast?

A. In my video I was somewhere -- 60 and 65. The vehicle was still pulling away from me.

Deputy Brown testified that Bass exited the vehicle, fled into a wooded lot, and was finally detained with the assistance of approximately fifteen officers and the K-9 unit.

Deputy Jeffery Durrenberger with the Montgomery County Sheriff's Office testified regarding a prior incident. He testified he was dispatched in 2013 to investigate an assault on a female, and he took photographs of the female who allegedly had been assaulted by Bass. He testified that he could not remember the female victim's name, and that the photographs depicted bruising underneath her arm and around her lower torso. He testified he subsequently sent a report to the district attorney's office for charges to be filed against Bass. Another detective testified that he was a deputy in 2004, when he was dispatched to a disturbance where he found Bass in the front yard admittedly under the influence of drugs and

3

reporting that he had been shot. According to the detective, he called EMS but EMS found no gunshot wound on Bass. According to the detective, he made contact with the complainant that had called dispatch and she reported that Bass had banged on her door, stated someone was chasing him, broke her door down, entered her house, and moved the refrigerator to the front door. The detective testified that the complainant said she left the residence with her two children and that she did not know Bass. The detective entered the complainant's residence and observed that the refrigerator had been moved and that there was damage in the bathroom and to the back door.

During the sentencing hearing, Bass stipulated to the judgments of conviction admitted into evidence showing his prior convictions for unlawfully carrying a weapon, burglary of a habitation, credit card misuse, driving while intoxicated, evading arrest, criminal trespass, possession of cocaine, burglary with intent to commit theft, assault causing bodily injury, assault causing bodily injury – family violence, criminal mischief, organized retail theft, theft, possession of methamphetamine, and theft of metal.

In his sole appellate issue, Bass argues the trial court erred by "allowing an officer who was dispatched to the scene to speculate as to the speed the Appellant was driving over defense counsel's objection as to speculation." According to Bass,

4

"the witness acknowledged his lack of personal knowledge but was allowed to opine and speculate as to Appellant's speed at the time of police pursuit."

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011); *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). The trial court abuses its discretion when its decision lies outside of the "zone of reasonable disagreement." *Martinez,* 327 S.W.3d at 736. "A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party[.]" Tex. R. Evid. 103(a); *see* Tex. R. App. P. 44.2(b). Generally, an erroneous evidentiary ruling constitutes non-constitutional error. *See Coble v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010); *Walters v. State*, 247 S.W.3d 204, 219 (Tex. Crim. App. 2007). A substantial right is affected when the alleged error had a substantial, injurious effect or influence on the outcome. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

A witness may not testify to a matter about which he lacks personal knowledge. Tex. R. Evid. 602. Rule 602 of the Texas Rules of Evidence provides in pertinent part, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." *Id.* Personal knowledge may be proved by the witness's own testimony. *See*

5

*id.* When asked how fast Bass was driving, Deputy Brown testified that "I'm pretty sure I was somewhere around 60 or something[,]" and that "[i]n my video I was somewhere --60 and 65[,]" and "[t]he vehicle [driven by Bass] was still pulling away from me." According to the record, Deputy Brown's testimony was based on Deputy Brown's personal observations and knowledge. *See id.* We conclude that the trial court's decision to admit Deputy Brown's testimony was within the zone of reasonable disagreement and not an abuse of discretion. *See Tillman*, 354 S.W.3d at 435. Furthermore, in light of the entire record, we conclude that Bass's substantial rights were not affected by the trial court's consideration of Deputy Brown's testimony. *See King*, 953 S.W.2d at 271; *see also* Tex. R. App. P. 44.2(b). We overrule Bass's sole issue and affirm the trial court's judgment.

    AFFIRMED.

 

                          _____

                              LEANNE JOHNSON
                                   Justice

Submitted on November 27, 2017
Opinion Delivered December 13, 2017
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.